James P. LANE, Appellant,

v.

STATE COMMITTEE OF
PSYCHOLOGISTS,
Respondent.

No. 71680.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 14, 1997.

Lawrence J. Altman, Chesterfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Darryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, James P. Lane, appeals the judgment of the Circuit Court of St. Louis County affirming the discipline imposed by the State Committee of Psychologists ("Committee") after a finding by the Administrative Hearing Commission ("AHC") of cause to discipline appellant We affirm.

Appellant is a licensed psychologist. In late 1986, he was a consultant for St. John's Mercy Medical Center. P.E. was a student intern at Edgewood, a Division of St. John's Mercy Medical Center. P.E. had an office next door to appellant's office. When P.E. began having trouble with her marriage, she started seeing appellant for therapy at least twice a week. At some point during therapy, appellant detected transference by P.E.[1] Ap-

---

1. Transference is a phenomenon in long-term patient-therapist relationships. It occurs when a patient develops and transfers onto a therapist unrealistic feelings which stem from the underly-

pellant also detected countertransference from himself to P.E.[2] Appellant's countertransference manifested in his hugging P.E. during therapy, making spoken and written expressions of love to her, and appearing uninvited at a party for P.E. When P.E. expressed discomfort with appellant's behavior, he labeled her discomfort as emotional dysfunction.

In July 1987, P.E. terminated therapy with appellant. Appellant continued to send P.E. written expressions of love and gifts until August of 1988.

On March 17, 1993, P.E. filed a complaint against appellant with Committee. AHC conducted a hearing on the complaint and found that appellant's license to practice psychology was subject to disciplinary action by Committee for violations of RSMo sections 337.035.2(5) and (13).[3]

Committee received the record of the proceedings before AHC and the decision, then set the matter for a disciplinary hearing. Appellant was served notice of the disciplinary hearing. On November 18, 1995, Committee held the hearing to determine the appropriate discipline to impose upon appellant's license to practice. Following that hearing, Committee entered a disciplinary order suspending appellant's license to practice psychology for two years but staying the suspension and placing appellant's license on probation for three years. Pursuant to the terms of his probation, appellant was to undergo an evaluation and abide by the recommendations of the evaluating psychologist. In addition, during his disciplinary period appellant was not to work in settings that increased his risk of sexual misconduct. A copy of the above disciplinary order was mailed to appellant on January 30, 1996.

Appellant filed a petition for review in the circuit court, pursuant to RSMo section 535.110. The trial court affirmed the decision of Committee.

Appellant thereafter filed a motion for new trial arguing the filing of the complaint and the hearing on that complaint violated his substantive due process rights. The motion was heard, then denied. This appeal follows.

Appellant's sole point on appeal is his claim the trial court erred in affirming Committee's decision to discipline him because that decision was arbitrary and unreasonable as it was based upon an "untimely" complaint and therefore violated his substantive due process rights.[4] We disagree.

■ We review the decision of the Committee and not the judgment of the circuit court. *Boyd v. Bd. of Registration for Healing Arts*, 916 S.W.2d 311, 318 (Mo.App. E.D. 1995); *Larocca v. State Bd. of Registration for Healing Arts*, 897 S.W.2d 37, 39 (Mo.App. E.D.1995). "The scope of judicial review is limited to a determination of whether the administrative decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the administrative action constituted an abuse of discretion." *Boland v. State Dept. of Social Services*, 910 S.W.2d 754, 758 (Mo. App. W.D.1995). We view the evidence and all reasonable inferences therein in the light most favorable to the findings and decision. *Larocca*, 897 S.W.2d at 39.

■ As stated, appellant alleges his substantive due process rights were violated when he was disciplined based upon an "untimely" complaint. Substantive due process requires the state action which deprives one of life, liberty or property, be rationally related to a legitimate state interest. *Lile v. Hancock Place School Dist.*, 701 S.W.2d 500, 507 (Mo.App. E.D.1985). To assert a substantive due process claim one must establish

ing difficulties for which a patient seeks treatment.

2. Countertransference refers to feelings a therapist develops towards a patient in response to transference from the patient.

3. All statutory references are to RSMo 1994 unless otherwise noted.

4. Within his sole point on appeal, appellant argues, in the alternative, his behavior was not so egregious as to warrant the punishment he received. However, as appellant failed to raise this issue in his point relied upon, we decline to address it. *See* Rule 84.04(d)-(e).

that the government action complained of is "truly irrational," more than arbitrary, capricious, or in violation of state law. *Frison v. City of Pagedale*, 897 S.W.2d 129, 132 (Mo. App. E.D.1995).

While it is plain appellant has a property interest in his license to practice psychology, so too does Committee have a vital interest in safeguarding the public health and welfare. *Larocca*, 897 S.W.2d at 42. Indeed this is its primary purpose. *Id.* Therefore, we must determine if Committee's action, which affected appellant's property interest, was "truly irrational" or was not rationally related to its primary purpose.

■ Appellant presented no evidence or argument showing how Committee's decision was "truly irrational" or unrelated to Committee's primary purpose. The fact the complaint was filed approximately five years after the alleged misconduct does not in and of itself make Committee's actions "truly irrational" or unrelated to its primary purpose. Appellant offers no argument that the delay harmed him in any way or rendered the proceedings unreliable.[5] Therefore, we find Committee's action was rationally related to its primary purpose of protecting patients such as P.E. from inappropriate behavior on the part of their psychologists.

This finding is consistent with our holding in *Larocca*, 897 S.W.2d at 42, wherein we rejected an appellant's claim that a five year delay between the filing of a complaint against him and the State Board of Registration for the Healing Arts notifying him of the charge violated his procedural due process rights. In affirming the Board's decision to discipline the appellant, we noted neither RSMo section 334.100 nor RSMo section 621.145 provide for a time period within which the Board must file a complaint or within which the AHC must hold a hearing. *Id.*

We note other jurisdictions which have addressed the applicability of statutes of limitations to these types of proceedings have held, without exception, that in the absence of a statute which applies to these proceed-ings, there is no time bar to what might be considered an otherwise "untimely" complaint. *See* Noralyn O. Harlow, "Applicability of Statute of Limitations or Doctrine of Laches to Proceeding to Revoke or Suspend License to Practice Medicine," 51 A.L.R.4th 1147 (1987). The rationale announced for the above is twofold: (1) when the state regulates the medical profession, it is acting in its sovereign capacity and for the public good, therefore, the general civil and criminal statutes of limitations do not apply; and (2) the purpose of a general statute of limitations is to discourage unnecessary delays, whereas proceedings to revoke a physician's license serve to protect the public, and the staleness of a claim does not necessarily make it reflect less on the character of the person. *Id.* at 1151. The rationale announced by other jurisdictions that have addressed this issue is persuasive as it is consistent with Committee's primary purpose.

Based upon the foregoing, we affirm the judgment of the Circuit Court of St. Louis County affirming the discipline imposed by the Committee.

GRIMM, P.J., and PUDLOWSKI, J., concur.

5. As appellant failed to provide us with the transcript of the hearing, we have no way of knowing    the cause of the delay in P.E. bringing the claim.