STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Appellant,

v.

Holly L. BOSTON, Respondent.

No. WD 59989.

Missouri Court of Appeals,
Western District.

April 9, 2002.

James O. Ertle, Esq., Jefferson City, MO, for appellant.

Mark Anderson, Esq., Jefferson City, MO, for respondent.

Before BRECKENRIDGE, P.J., NEWTON and HARDWICK JJ.

LISA WHITE HARDWICK, Judge.

This appeal involves the statutory interpretation of a recent amendment to § 334.655.3 [1], which bars candidates from taking the physical therapist assistant licensing examination more than three times. The issue, as raised by the State Board of Registration of the Healing Arts, is whether the statute must be applied to

bar a candidate who failed the licensing examination three times prior to the effective date of the amendment. Based on legislative intent clearly expressed in the amendment and the procedural nature of the statute, we conclude that retrospective application is proper.

**Factual and Procedural History**

The underlying facts are not in dispute. Holly Boston is a December 1997 graduate of an accredited associate program of physical therapy education from Linn State Technical College. On July 8, 1998, November 18, 1998, and April 24, 1999, Boston took the physical therapy assistant licensing examination and each time failed to achieve the minimum score necessary to pass it and obtain her license. The examinations were administered by the State Board of Registration for the Healing Arts (Board), an agency charged with enforcement of provisions in Chapter 334 of the Revised Statutes of Missouri.

In October 1999, Boston applied to take the physical therapy assistant licensing exam for a fourth time. The Board denied her application pursuant to § 334.655.3, which had recently been amended by the General Assembly and made effective on August 28, 1999. Section 334.655.3, with the 1999 amendment noted in italics, provides:

The examination of qualified candidates for licensure to practice as physical therapist assistants shall embrace a written examination and which shall cover the curriculum taught in accredited associate degree programs of physical therapy assistant education. Such examination shall be sufficient to test the qualification of the candidates as practi-

1. All statutory references are to the Revised Statutes of Missouri (2000) unless otherwise noted.

tioners. The examination shall be given by the board at least once each year. *The board shall not issue a license to practice as a physical therapist assistant or allow any person to sit for the Missouri state board examination for physical therapist assistants who has failed three or more times any physical therapist licensing examination administered in one or more states or territories of the United States or the District of Columbia.* The examination given at any particular time shall be the same for all candidates and the same curriculum shall be included and the same questions shall be asked.

(emphasis added). Prior to August 28, 1999, this statute did not include any provision barring candidates who had previously taken the exam.

Boston appealed the Board's decision to the Administrative Hearing Commission (Commission), arguing the new "three strike" provision did not apply to her as it should have only prospective application. The parties stipulated that, but for the recent amendment to § 334.655.3, Boston was otherwise qualified to sit for the examination. On March 28, 2000, the Commission ruled in Boston's favor, ordering the Board to admit her to the examination.

The Board sought judicial review in the Circuit Court of Cole County and moved to stay the Commission's order. The Circuit Court denied the motion to stay and allowed Boston to take the exam but ordered her scores sealed pending its final ruling. On April 3, 2001, the Circuit Court affirmed the Commission's decision to allow Boston to take the licensure exam. The Board appeals.

## Standard of Review

■ An administrative agency decision based on the interpretation of a statute is judged independently by this court.

Section 536.140.3, *Morton v. Brenner*, 842 S.W.2d 538, 540 (Mo.banc 1992). We review the decision of the Commission, not the judgment of the trial court. *Psychare Mgmt., Inc. v. Dept. of Soc. Servs.*, 980 S.W.2d 311, 312 (Mo.banc 1998).

## Analysis

■ Article I, Section 13 of the Missouri Constitution provides:

That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

Missouri courts have interpreted this provision to prohibit any law that attaches new disabilities to past transactions or impairs the vested rights of a party. *Am. Family Mut. Ins. Co. v. Fehling*, 970 S.W.2d 844, 848 (Mo.App.W.D.1998). Article I, Section 13 bars retrospective application of a statute except where: 1) legislative intent is clearly manifested that the statute is to be applied retrospectively; and (2) the statute is procedural only and does not affect any substantive or vested right. *Id.*

■ A statute is presumed to operate prospectively unless the legislative intent for retrospective application clearly appears from the express language of the statute or by necessary or unavoidable implication. *Dept. of Soc. Servs. v. Villa Capri Homes, Inc.*, 684 S.W.2d 327, 332 (Mo.banc 1985). All canons of statutory interpretation are subordinate to the requirement that courts determine, if possible, the intent of the legislature from the language of the provision and consider the words used in their plain and ordinary meaning. *Am. Family*, 970 S.W.2d at 848.

The Board argues that the plain language of § 334.655.3 overcomes the presumption of prospective application be-

cause it states that no person who "has failed" the licensing exam three or more times shall be allowed to sit for the exam. The Board further contends that retrospective application of the three strikes provision is proper because the statute does not impair Boston's vested rights.

Boston counters that this case is governed by the *Linton v. Missouri Veterinary Medical Board.*, 988 S.W.2d 513 (Mo. banc 1999), which the Commission cited in limiting § 334.655.3 to prospective application. In *Linton*, the Veterinary Medical Board denied licensure to an applicant who failed the National Board Examination (NBE) three times, all of which occurred after the enactment of a three-strikes provision in § 340.240.6. *Id.* at 515. That statute provided:

> If an applicant fails an examination, the applicant may take a subsequent examination upon payment of the registration and examination fees. No person may take the examination more than three times.

Linton claimed, under an equal protection theory, that the statute was arbitrarily and capriciously applied to her because others who failed the NBE three times before enactment of the statute were allowed to take it again after the new law went into effect. *Id.* The court rejected this claim, holding Linton was not similarly situated to applicants who failed the NBE before the new law took effect. *Id.* The court presumed the law could only be applied prospectively and, thus, those who previously failed the exam were not barred by the three strikes provisions.[2] *Id.*

The Board distinguishes *Linton* by pointing out that the statutory language in that case did not express a clear legislative intent for retrospective operation. In *Lin-*

*ton*, the statute was written in the present or future tense to state that: "No person *may take* the examination more than three times." § 340.240.6 (emphasis added). By contrast, the language in § 334.655.3 invokes the past tense when it bars a candidate who "has failed" the physical therapist assistant licensing exam three or more times.

The Board refers us to *Barbieri v. Morris*, 315 S.W.2d 711 (Mo.1958), as providing a better rationale for deciding this case. In *Barbieri*, the statute at issue required driver's license suspension for the habitual violator of traffic laws. Before August 29, 1955, a "habitual violator" was statutorily defined as anyone who had been adjudged guilty at least five times within one year of violating traffic laws. *Id.* at 713. Effective August 29, 1955, the statute was amended to define a habitual violator as anyone who "has been adjudged guilty at least four times within two years of violating any traffic laws[.]" *Id.* The court determined that clear legislative intent required retrospective application of the amended statute, and that Barbieri was a habitual violator because he had four traffic-related convictions, even though three of the convictions occurred prior to the effective date of the amended statute. *Id.* at 714.

The Commission declined to follow *Barbieri*, concluding the new law was applied retrospectively in that case based on the two-year time frame which required the court to "look back" before its effective date and not just the words "has been adjudged." *Barbieri*, 315 S.W.2d at 714. We disagree. In declaring retrospective operation, the *Barbieri* court highlighted the past tense language of the statute:

> The legislative definition of 'habitual violator of traffic laws' is declared to be

---

**2.** In *Linton,* the court stated only that the statute had been "properly construed" for

prospective application and did not explicitly address the issue of legislative intent.

a person who *has been* (not who shall be) adjudged guilty. .... There is *no* qualifying phrase to the effect that the two years shall be 'after the effective date' of Section 302.010(8). From the language used, it is clear that the Legislature intended to define a 'habitual violator of traffic laws' as one who has been four times convicted of certain traffic laws within a two-year period without regard to whether one or more of the convictions occurred before August 29, 1955. *Id.* (emphasis and parenthetical in original).

As in *Barbieri*, the statutory language in this case unmistakably refers to past conduct. The amended statute bars any applicant who "has failed" the physical therapist assistant licensing exam three times. There is no qualifying phrase to indicate that the failed attempts must occur after the effective date of the statute. We note from *Linton* and other cases that the legislature frequently uses present and future tenses to make prospective application clear. See *Linton*, 988 S.W.2d at 515; *Jerry–Russell Bliss v. Hazardous Waste Mgt. Comm'n.*, 702 S.W.2d 77, 81 (Mo.banc 1985); *Am. Family*, 970 S.W.2d at 849. We cannot escape the fact that it did not do so in § 334.655.3.

 Courts must give effect to statutory language as written. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 261 (Mo.banc 1998). "Traditional rules of statutory construction require every word of a legislative enactment be given meaning." *Id.* at 262. To interpret the "has failed" provision of § 334.655.3 to exclude pre-enactment exam failures would render the past tense language of the statute a nullity. We must presume the lawmakers' choice of wording is not meaningless. To give full effect to the plain language of the statute, we must conclude that the legislature intended to include exam failures that

occurred prior to the effective date of the amendment.

 This interpretation is consistent with the legislative purpose of the three strikes provision. As the court noted in *Barbieri*, a habitual traffic violator is no less a menace because some of his convictions occurred before the effective date of the statute. 315 S.W.2d at 714. Similarly, if the legislature has determined that a person who failed the physical therapist assistance exam three times is a risk to the public and should not be licensed, the person is no less a risk if he or she failed the exam three times before the effective date of the statute. Protecting the public health and welfare is a primary purpose of professional licensing statutes. *Lane v. State Comm. of Psychologists*, 954 S.W.2d 23, 25 (Mo.App. E.D.1997).

Given the express legislative intent to apply § 334.655.3 retrospectively, we must further determine whether such application unconstitutionally deprives Boston of any vested right. Boston argues that she "had a right to take the [physical therapist assistant licensing] exam" prior to the amendment of § 334.655.3. She spent substantial time and money acquiring her associate's degree in physical therapy and contends the amendment cannot be retrospectively applied to "strip her of the rights she previously enjoyed."

 A "vested right" has been defined as "a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of [a] demand." *La–Z–Boy Chair Co. v. Dir. of Econ. Dev.*, 983 S.W.2d 523, 525 (Mo.banc 1999). In this context, the word "vested" means "fixed, accrued, settled or absolute." *Id.* A vested right must be something more than a mere expectation based upon an anticipated continuance of an existing law. *Id.* A statute which does not take away or

impair a 'vested right' or impose a new or greater duty is not unconstitutionally retrospective merely because it relates to prior facts or transactions. *Hoskins v. Box*, 54 S.W.3d 736, 739 (Mo.App. W.D.2001).

As a general matter, professional licensing in the healing arts is a privilege granted by the state. *State ex rel. Schneider's Credit Jewelers, Inc. v. Brackman*, 260 S.W.2d 800, 814 (Mo.App. 1953), *preliminary writ made absolute*, 272 S.W.2d 289 (Mo. banc 1954). Restrictions surrounding the practice of the medical profession are for the benefit of society, not the practitioner. *Id.* Given the overriding interest in protecting the public, courts have held that licensing statutes confer no substantive rights upon applicants seeking licensure. See, e.g., *Barbieri*, 315 S.W.2d at 713; *Brennecka v. Dir. of Revenue*, 855 S.W.2d 509, 512 (Mo.App. W.D.1993). Particularly with regard to the healing arts profession, the Missouri Supreme Court has recognized "there is no such thing as a vested right in the practice of medicine." *State Bd. of Registration for the Healing Arts v. Giffen*, 651 S.W.2d 475, 479 (Mo.banc 1983).

Similarly, prior to the 1999 amendment, § 334.655.3 did not confer upon Boston a vested right to take the physical therapist assistant licensing examination. The statute merely set forth the procedural requirements for the examination, including the subjects covered in the exam, how often it can be given by the Board, and the necessity of giving the same exam to all candidates at a particular sitting. § 334.655.3; see *Mendelsohn v. State Bd. of Registration for the Healing Arts*, 3 S.W.3d 783, 786 (Mo. banc 1999) ("Procedural laws .... relat[e] to the machinery for process in the causes of action"). At most, the statute extended a privilege and created an expectation that Boston could take the exam as many times

as she wished. The 1999 amendment, therefore, did not impair any existing right but altered Boston's expectation based on pre-existing law. See *Danaher v. Smith*, 666 S.W.2d 452, 455 (Mo.App. W.D.1984) (if original statute does not vest any rights, amendment does not alter any substantive rights).

A statute which is procedural only, affecting no substantive rights, does not fall within the constitutional ban on retrospective laws. *Stewart v. Sturms*, 784 S.W.2d 257, 261 (Mo.App. E.D.1989). As the amendment to § 334.655.3, changed only the procedural rules for the physical therapist assistant licensing exam, Boston cannot avoid its application. The revised statute applies to all candidates who failed the exam three times, whether or not those failures occurred prior to enactment. *Id.*

While the Commission's decision produced a more equitable result for Boston, we are constrained by the plain language of § 334.655.3 and the constitutional doctrine allowing retrospective application of procedural laws. We, therefore, reverse the trial court's judgment affirming the Commission's Memorandum and Order. Boston's examination scores, if any, shall be returned to the Board without disclosure. The case is remanded for further proceedings consistent with this opinion.

All concur.