STATE of Missouri, Respondent,

v.

Brian S. GUYER, Appellant.

No. WD 72580.

Missouri Court of Appeals,
Western District.

Dec. 6, 2011.

James A. Nadolski, St. Joseph, MO, for appellant.

Jim Farnsworth, Jefferson City, MO, for respondent.

Before: GARY D. WITT, P.J., and JAMES E. WELSH and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Brian Guyer pled guilty to violating a provision of Missouri's Sex Offender Registration Act ("SORA" or "Megan's Law"), § 589.414.1,[1] by failing to report a change in his employment status to law enforcement authorities within three business days. Guyer now seeks to withdraw his plea. He argues that the requirement that sex offenders report employment changes within three days cannot constitutionally be applied to him, because his conviction of a sexual offense predated the statutory amendment requiring the updating of employment information. We disagree, and affirm.

## Factual Background

Guyer was convicted of sexual assault in 1998. As a result, he was required to, and did, register under SORA. In 2008, the General Assembly amended SORA to require sex offenders to inform law enforcement if they change employment within three days. § 589.414.1. On January 7, 2009, Guyer changed jobs. He did not inform local law enforcement of this change by January 10. On March 5, 2009, the State charged Guyer with violation of the employment notification requirement. Guyer pled guilty on June 4, and was sentenced to three years, with the court suspending execution of the sentence and placing Guyer on probation.

Guyer filed a Motion to Set Aside Conviction on March 5, 2010, and an Amended Motion to Set Aside Guilty Plea on April 9. The circuit court denied his motion on May 3, 2010. In the same order the court terminated Guyer's probation, more than two years early. Guyer appeals the trial court's refusal to permit him to withdraw his guilty plea.

## Analysis

Guyer argues that the motion court erred in denying his motion to vacate his conviction and/or allow him to withdraw his guilty plea, because he showed that granting his motion was necessary to correct a manifest injustice. Specifically, Guyer argues that § 589.414.1, as amend-

---

1. Unless otherwise indicated, statutory references are to the RSMo 2000, updated through the 2010 Cumulative Supplement.

ed in 2008, cannot constitutionally be applied to him, because his status as a sex offender subject to SORA is based on a 1998 conviction.

■■■ Rule 29.07(d) states that, in general, "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended;" the rule also provides, however, that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." [2]

> In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous. It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred.

*State v. Thomas,* 96 S.W.3d 834, 837 (Mo. App. W.D.2002) (citations and internal quotation marks omitted). The circuit court denied Guyer's motion without findings or conclusions. "[I]t is presumed that the trial court's findings are in accordance with the judgment entered, and the judgment will be affirmed under any reasonable theory supported by the evidence." *In re Estate of Hock,* 322 S.W.3d 574, 579 (Mo.App. S.D.2010).

Guyer and the State dispute whether Rule 29.07(d) permits Guyer to raise his retrospectivity argument after his guilty plea and conviction have become final. We assume, without deciding, that Rule 29.07(d) provides Guyer with an available remedy; even on that assumption, he has shown no right to post-conviction relief.

At the time of Guyer's December 1998 sexual assault conviction, § 589.400.2,

RSMo 1997, provided that "[a]ny person to whom sections 589.400 to 589.425 applies shall, within fourteen days of coming into any county, register with the chief law enforcement official of the county in which such person resides." At that time, § 589.407, RSMo 1997 provided:

> Any registration pursuant to sections 589.400 to 589.425 shall consist of completion of an offender registration form developed by the Missouri state highway patrol. Such form shall include, but is not limited to the following:
>
> (1) A statement in writing signed by the person, giving the name, address, social security number and phone number of the person, the place of employment of such person, the crime which requires registration, the date and place of such crime, the date and place of the conviction or plea regarding such crime, the age and gender of the victim at the time of the offense and whether the person successfully completed the Missouri sexual offender program pursuant to section 589.040, if applicable; and
>
> (2) The fingerprints and a photograph of the person.

The statute also provided that:

> If any person required by sections 589.400 to 589.425 to register changes residence or address, the person shall inform in writing within fourteen days, the chief law enforcement official with whom the person last registered of the new address and the chief law enforcement official of the county having jurisdiction over the new residence or address.

§ 589.414, RSMo 1997.

Guyer was convicted for violation of § 589.414.1. This statutory provision, enacted in 2008,[3] provides:

---

**2.** In the trial court, Guyer initially referred to Rule 38.08 as the basis for his motion to vacate or set aside his guilty plea and/or con- viction. On appeal, the parties agree that Guyer's motion is governed by Rule 29.07(d).

Any person required by sections 589.400 to 589.425 to register shall, not later than three business days after each change of name, residence within the county or city not within a county at which the offender is registered, employment, or student status, appear in person to the chief law enforcement officer of the county or city not within a county and inform such officer of all changes in the information required by the offender.

The version of SORA in effect at the time of Guyer's underlying conviction required him to provide his "place of employment" at the time he initially registered, § 589.407(1), RSMo 1997, and would have required him to provide updated information if he took up residence in another county, triggering his obligation to re-register under § 589.400.2, RSMo 1997. However, the statute in effect at the time of Guyer's conviction did not impose a general obligation to report changes in employment status.

■ Guyer argues that applying the 2008 amendments to Megan's Law to him violates Article I, § 13 of the Missouri Constitution, which provides that "no ... law ... retrospective in its operation ... can be enacted." We disagree.

The Missouri Supreme Court has addressed retrospectivity challenges to SORA and related statutes in a number of decisions. In the first, *Doe v. Phillips*, 194 S.W.3d 833 (Mo. banc 2006), the Court held that SORAs registration requirements could not apply to sex offenders whose convictions occurred prior to SORAs initial effective date of January 1, 1995. The Court explained that

A retrospective law is one which creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. It must give to something already done a different effect from that which it had when it transpired.

*Id.* at 850 (quoting *Squaw Creek Drainage Dist. v. Turney*, 235 Mo. 80, 138 S.W. 12, 16 (1911)). The Court held that SORAs registration requirements violated these principles, by imposing a new obligation to register as a sex offender based solely on a persons pre-enactment conviction of a sexual offense.

The obligation to *register* by its nature imposes a new duty or obligation.... [¶] ... [As to those offenders convicted prior to SORAs original effective date in 1995,] the application of that requirement truly is retrospective in its operation. It looks solely at their past conduct and uses that conduct not merely as a basis for future decision-making by the state, in regard to things such as the issuance of a license, or as a bar to certain future conduct by the Does, such as voting. Rather, it specifically requires the Does to fulfill a new obligation and imposes a new duty to register and to maintain and update the registration regularly, based solely on their offenses prior to its enactment. This violates ... our constitutional bar on laws retrospective in operation.

*Id.* at 852.

In *Doe v. Blunt*, 225 S.W.3d 421 (Mo. banc 2007), the Court followed and applied *Doe v. Phillips* in a brief *per curiam* opinion, and held that an amendment to Megan's Law extending the duty to register to a new class of offenders could not be applied retroactively. "When he pleaded guilty, Doe had no obligation to register; his duty to register arose from a change in the law. Because the new law imposed a

3. *See* S.B. 714, 94th Gen. Assem., 2d Reg. Sess., 2008 Mo. Laws 589, 604.

new duty, it is a retrospective law prohibited by Mo. Const. article I, section 13." *Id.* at 422.

The Court next addressed a retrospectivity challenge to a sex-offender statute in *R.L. v. State of Missouri Department of Corrections,* 245 S.W.3d 236 (Mo. banc 2008). The offender in *R.L.* was convicted of a sex offense in December 2005. After his conviction, Missouri statutes were amended to prohibit sex offenders from residing within 1,000 feet of schools and child-care facilities. § 566.147.[4] The Court held that this amendment could not apply retroactively to R.L., who had been convicted before its enactment:

> The same long-standing principles applied in *Phillips* apply in this case. As with the registration requirements in *Phillips,* the residency restrictions at issue in this case impose a new obligation upon R.L. and those similarly situated by requiring them to change their place of residence based solely upon offenses committed prior to enactment of the statute. Attaching new obligations to past conduct in this manner violates the bar on retrospective laws set forth in article I, section 13.

245 S.W.3d at 237–38.[5]

Finally, in *F.R. v. St. Charles County Sheriff's Department,* 301 S.W.3d 56 (Mo. banc 2010), the Court affirmed the result in *R.L.* concerning the retrospective application of a post-conviction residency restriction. *Id.* at 61–63. The Court also addressed a SORA amendment, passed in 2008, which required sex offenders, at Halloween, to: "[a]void all Halloween-related contact with children;" remain inside their residences between 5:00 and 10:30 p.m.; leave their outdoor lights off after 5:00 p.m.; and post a sign at their residence stating "No candy or treats at this residence." *Id.* at 60; § 589.426.[6] The Court held that these new restrictions could not constitutionally be applied to offenders convicted before the restrictions were enacted. The Court explained that "a subsequent law that requires a sex offender to do something—with a criminal penalty for not doing what the new law requires—is the imposition of a new obligation or duty imposed solely as a result of the pre-Statute conviction." 301 S.W.3d at 62.

The essential element of a misdemeanor charge against Raynor pursuant to section 589.426, is that he is "a person required to register as a sexual offender...." Raynor would not be required to register as a sex offender unless he was convicted of a sexual offense. Raynor's 1990 sex offense conviction predates the 2008 Halloween law. Therefore, ... the new law gives a legal effect to the prior conviction—it would be used to convict Raynor of a new crime.... [T]he *sole* reason for these requirements is Raynor's prior sex offense conviction.

*Id.* at 63.

Understandably, Guyer seizes on the Supreme Courts statement in *F.R.* that "a subsequent law *that requires a sex offender to do something*—with a criminal penalty for not doing what the new law requires—is the imposition of a new obligation or duty...." *Id.* at 62 (emphasis added). Here, § 589.414.1 plainly required Guyer to "do something"—update

---

4. Enacted by H.B. 1698, 93d Gen. Assem., 2d Reg. Sess., 2006 Mo. Laws 330, 344–45.

5. In *State v. Holden,* 278 S.W.3d 674 (Mo. banc 2009), the Court clarified that the retrospectivity analysis of *Doe v. Phillips, Doe v. Blunt,* and *R.L.* focuses on the date of the

offenders *conviction* of a sexual offense, not the date of the *underlying criminal conduct. Id.* at 678.

6. Enacted by S.B. 714, 94th Gen. Assem., 2d Reg. Sess., 2008 Mo. Laws 589, 605–06.

his employment information with law enforcement authorities within three business days—which he was not required to do prior to the effective date of that provision. However, Guyer *was* subject to the requirement to supply law enforcement with his place of employment under the version of Megan's Law in effect on the date of his conviction; under the statute in effect in 1998, Guyer would also have been required to update that information if he changed his county of residence. Thus, § 589.414.1 did not impose on Guyer a requirement to report his employment status which had not previously existed; it merely required him to *update* that information if it changed, to ensure the currency and continuing accuracy of the sex-offender registration database. Nor did § 589.414.1 impose any new restrictions on Guyer's primary conduct (namely, his conduct outside of the sex-offender registration process), like the residency and Halloween-activity restrictions at issue in *R.L.* and *F.R.*[7]

■ Unlike the registration requirements and conduct restrictions at issue in the Supreme Courts prior decisions, the updating requirement which Guyer violated was not based *solely* on his 1998 sex-offense conviction. Instead, Guyer was subject to the requirement to update his employment status because the information he had provided to authorities at the time of an earlier registration—information Guyer acknowledges he was constitutionally required to provide—was no longer accurate. In an important sense, the updating obligation is triggered not simply by Guyer's 1998 conviction, but by his post-enactment change of employment,

and the consequent inaccuracy of his earlier registration information. As the Court explained in *F.R.*, " '[a] statute is not retrospective or retroactive ... because it relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage.' " 301 S.W.3d at 64 (quoting *Jerry–Russell Bliss, Inc. v. Hazardous Waste Mgmt. Comm'n*, 702 S.W.2d 77, 81 (Mo. banc 1985)).[8] Here, the updating requirement Guyer violated is intended to ensure the continuing accuracy of the information Guyer was already—and constitutionally—required to provide, to respond to changes in Guyer's circumstances. The basis for the updating obligation Guyer violated is not merely his past criminal conviction.

■■ The requirement to update employment information at issue in this case can also be viewed as simply a procedural mechanism for maintaining the accuracy of the information Guyer was already required to supply.

Procedural and remedial statutes not affecting substantive rights, may be applied retrospectively, without violating the constitutional ban on retrospective laws. Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights.

*Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 769 (Mo. banc 2007) (citations and internal quotation marks omitted). In *Hess*, the Missouri Supreme Court held that a statutory amendment

---

7. Guyer makes no argument that he lacked adequate notice of § 589.414.1's requirements, or that he was otherwise incapable of complying with its mandates.

8. *F.R.* noted the difficulty courts may face in distinguishing impermissible retrospective legislation "from the ordinary regulatory actions that may take into account past conduct or past conditions in providing current or prospective regulation." *Id.* at 63.

establishing a private right of action could be applied to a pre-amendment property sale, where the private action sought to enforce legal standards which were already in place at the time of the transaction. (At the time of the property sale, only the Attorney General had the authority to enforce the relevant standards.) The Court explained that, "[r]ather than imposing a new duty on [the property seller], the amendment as a whole merely substitute[s] a new or more appropriate remedy for the enforcement of an existing right." *Id.* at 770 (citation and internal quotation marks omitted). In this case, Guyer was subject to a statutory obligation to provide law enforcement with accurate employment information at the time of his 1998 conviction. The 2008 amendment to § 589.414.1 "merely substitute[d] a new or more appropriate remedy for the enforcement of an existing right," *id.*, rather than imposing a wholly new substantive obligation on Guyer.[9]

In at least two of its decisions concerning the retrospective application of SORA, the Missouri Supreme Court has suggested that new statutory provisions specifying *the manner in which registration occurs* can be applied to those convicted of a sexual offense prior to the effective date of the amendments. Thus, in *State v. Holden,* 278 S.W.3d 674 (Mo. banc 2009), the Supreme Court upheld the conviction of an individual for failing to register a change of residential address within 10 days under § 589.414.1, RSMo Cum.Supp.2006. Notably, the individual had been convicted of an underlying sex offense in 1995, but violated a reporting requirement *which was not enacted until 1998.*[10] *Holden* only expressly decides whether the sex offender was subject to SORAs registration requirements *at all* (where he had been convicted in 1995, for conduct which occurred in 1994 prior to SORAs initial effective date). Nevertheless, the Court upheld a SORA conviction under a specific reporting requirement which plainly post-dated the offenders underlying sex-offense conviction.

*Doe v. Phillips,* 194 S.W.3d 833 (Mo. banc 2006), the Missouri Supreme Court's first decision addressing a retrospectivity challenge to Megan's Law, also suggests that changes to *the mechanisms by which registration is effected* do not violate the Missouri Constitution's bar on retrospective legislation. *Doe v. Phillips* held that SORA's registration requirements could not be applied to persons convicted prior to the statute's original effective date of January 1, 1995. *Id.* at 852. The Court took pains to emphasize, however, that "[p]ersons who pled or were found guilty after January 1, 1995 ... are *fully subject* to Megan's Law's relevant requirements," *id.* at 838 (emphasis added), and that "the

---

9. Many of the cases finding statutory amendments to be procedural or remedial involve legislation which alters the procedures applicable *in judicial or administrative litigation.* However, several cases have characterized statutory amendments as "procedural," and therefore not unconstitutionally retrospective, outside of the litigation context. *See, e.g., State Bd. of Regis. for the Healing Arts v. Boston,* 72 S.W.3d 260, 266 (Mo.App. W.D. 2002) (statute providing that no person may take the physical therapist assistant licensing examination more than three times); *Mo. Natl. Educ. Assn. v. Mo. State Bd. of Educ.,* 34 S.W.3d 266, 285–86 (Mo.App. W.D.2000)

(statute specifying circumstances in which the State Board of Education could waive school districts failure to meet statutory budget constraints); *Am. Econ. Ins. Co. v. Paul,* 872 S.W.2d 496, 498 n. 1 (Mo.App. E.D.1994) (statute eliminating requirement that assignment of motor vehicle titles be notarized).

10. *See* H.B. 1405, 89th Gen. Assem., 2d Reg. Sess., 1998 Mo. Laws. 530, 533. This requirement was further modified in 2006 by H.B. 1698, 93d Gen. Assem., 2d Reg. Sess., 2006 Mo. Laws. 330, 354–55.

law is *fully in effect* as to all persons whose pleas or judgments of conviction were entered on or after [SORA's] effective date of January 1, 1995." *Id.* at 852–53 (emphasis added). The Court's opinion in *Doe v. Phillips* describes post–1995 amendments to the statute, including the requirement to report in person, annually, to verify registration information (added to the statute in 2000),[11] as well as the 2006 addition of requirements for bi-annual in-person reporting and verification, and for registrants to supply updated photographs annually.[12] 194 S.W.3d at 840. The Court's statement of its holding appears to contemplate that these later requirements could constitutionally be applied to any sex offender convicted after January 1, 1995. *Doe v. Phillips* thus strongly suggests—although it does not expressly hold—that post-conviction amendments to *the manner in which the registration obligation is discharged* can constitutionally be applied to offenders convicted prior to the adoption of the specific requirements.

### Conclusion

The statute under which Guyer was convicted did not require him to provide any new category of information, and it did not impose any new constraints on his primary conduct. The statute instead only modified the mechanisms by which the State could ensure that the information Guyer provided remained timely and accurate. We conclude that § 589.414.1 did not impose any new substantive obligation on Guyer based solely on his pre-enactment conviction, and that it could therefore be constitutionally applied to him. The trial court's denial of Guyer's motion for post-conviction relief is accordingly affirmed.

All concur.

---

11. *See* S.B. 757, 90th Gen. Assem., 2d Reg. Sess., 2000 Mo. Laws 703, 733–34 (enacting what was then § 589.414.5).

12. *See* H.B. 1698, 93d Gen. Assem., 2d Reg. Sess., 2006 Mo. Laws 330, 355 (amending § 589.414.6).