Matthew D. SALASBERRY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 74584.

Missouri Court of Appeals,
Western District.

March 26, 2013.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for appellant.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges.

KAREN KING MITCHELL, Presiding Judge.

Matthew Salasberry appeals the denial, without an evidentiary hearing, of his Rule 24.035 [1] motion for post-conviction relief. Salasberry claims that his conviction under section 589.414 [2] for failing to register as a

---

1. All rule references are to Missouri Supreme Court Rules (2012), unless otherwise noted.

2. All statutory references are to RSMo 2000, as amended, unless otherwise noted.

sex offender is unconstitutional in that the statute operates retrospectively as applied to him. He bases his argument on a 2008 amendment to the statute, altering the time in which a sex offender must notify law enforcement of a change in residence from ten days to three business days. We affirm.

## Factual Background

Salasberry pled guilty to a sexual offense in Iowa in 2001. On March 23, 2009, he moved to Missouri and registered as a sex offender. At some point thereafter, Salasberry changed residences but failed to notify the Buchanan County Sheriff's Department. On July 31, 2009, the State charged Salasberry with a violation of section 589.414.1 in that, on or about May 5, 2009, Salasberry "knowingly failed to perform the duties required of a registered sex offender" by failing to advise the Buchanan County Sheriff, in writing and within three business days, of his change in residency from his previously registered address.

Salasberry, in accordance with a plea agreement with the State, pled guilty to the charge in exchange for a four-year sentence with a suspended execution, and four years probation. Salasberry's probation was subsequently revoked, and the court executed the previously imposed four-year sentence.

Salasberry filed a *pro se* Rule 24.035 motion, and appointed counsel filed an amended motion. Both motions argued that Salasberry's conviction was unconstitutional insofar as it was entered in violation of the Missouri Constitution's prohibition on retrospective laws, based upon a 2008 amendment to the law, shortening the

notification time from ten days to three business days.

The motion court overruled Salasberry's motion without an evidentiary hearing, finding that the 2008 amendment was not retrospective in nature insofar as it did not impose any new duty or obligation upon Salasberry; rather, it merely altered an existing duty or obligation. Salasberry appeals.

## Standard of Review

■ " '[R]eview of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.' " *Logan v. State,* 377 S.W.3d 623, 626 (Mo.App. W.D.2012) (quoting *Dodson v. State,* 364 S.W.3d 773, 776 (Mo.App. W.D.2012)). " 'The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made.' " *Id.* (quoting *Dodson,* 364 S.W.3d at 776).

## Analysis

Salasberry's only claim on appeal is that his conviction is unconstitutional under the Missouri Constitution in that the 2008 amendment to section 589.414.1, altering the time in which a registered sex offender is required to notify law enforcement of a change in residence from ten days to three business days, is retrospective in nature.

■ Setting aside the fact that Salasberry's claim is likely waived due to his apparent failure to raise this constitutional challenge at any point before his post-conviction motion following his guilty plea,[3]

3. *See Feldhaus v. State,* 311 S.W.3d 802, 805 (Mo. banc 2010) (holding that, except for certain double jeopardy claims, constitutional claims raised after a plea of guilty are non-

jurisdictional and, therefore, subject to waiver if not raised at the first opportunity). Here, we do not know if this claim was raised earlier because Salasberry has chosen not to

we hold that he is not entitled to relief on his claim because the statutory amendment is not a retrospective law as applied to him.

Section 589.414.1 imposes various notification duties upon sex offenders registered in Missouri. Among these is the duty to notify law enforcement within three business days of a change in residence. § 589.414.1. Section 589.425.1 creates the class D felony of failure to register as a sex offender, which includes the failure of a registered sex offender to comply with the additional requirements imposed by section 589.414.1. Before 2008, section 589.414.1 allowed a registered sex offender a total of ten days in which to notify law enforcement of a change in residence. § 589.414.1 RSMo Cum.Supp.2006. In 2008, however, legislation was passed that reduced the amount of time from ten days to three business days. S.B. 758, 94th Gen. Assemb., 2d Reg. Sess. (Mo.2008). It is this amendment that Salasberry challenges as retrospective in nature.

■ The Missouri Constitution provides "[t]hat no … law … retrospective in its operation … can be enacted." Mo. Const. art. I, § 13. "A retrospective law is one [that] creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *Doe v. Phillips*, 194 S.W.3d 833, 850 (Mo. banc 2006) (quoting *Squaw Creek Drainage Dist. No. 1 v. Turney*, 235 Mo. 80, 138 S.W. 12, 16 (1911)).

In *State v. Guyer*, 353 S.W.3d 458 (Mo. App. W.D.2011), this Court was faced with a nearly identical challenge to that raised by Salasberry in this appeal. In *Guyer*, a registered sex offender was convicted of failing to report a change in his employ-

ment within three business days as required by section 589.414.1. *Id.* at 459. The defendant argued on appeal that the 2008 amendment requiring him to notify local law enforcement of a change in employment within three business days was retrospective as applied to him in light of the fact that his sexual offense conviction predated the amendment. *Id.* at 459–60.

This Court rejected the defendant's claim, finding that, although "the statute in effect at the time of [the defendant's] conviction did not impose a general obligation to report changes in employment status," he was required by other statutory provisions to identify his place of employment and provide updated information upon a change in residence to a different county. *Id.* at 461. Thus, the amended language of section 589.414.1, requiring him to notify law enforcement of a change in employment, can "be viewed as simply a procedural mechanism for maintaining the accuracy of information [Salasberry] was already required to supply … rather than imposing a wholly new substantive obligation on [him]." *Id.* at 463–64; *see also Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 770 (Mo. banc 2007) (holding that a statutory amendment is not retrospective when, "[r]ather than imposing a new duty …, the amendment … 'merely substitute[s] a new or more appropriate remedy for the enforcement of an existing right'" (quoting *Pierce v. State Dept. of Social Servs.*, 969 S.W.2d 814, 823 (Mo.App. W.D.1998))).

The same is true of Salasberry's situation. In his amended motion, Salasberry acknowledged that the registration requirements (including notification of a change in residence) had been in effect for over six years at the time of his conviction

provide us with a transcript of either his guilty plea or his probation revocation and

sentencing proceedings.

prompting his registration requirements. Thus, the only change resulting from the 2008 amendment is the length of time in which he was required to notify law enforcement of a change in residence. As the motion court found, this amendment did not impose any new duty or obligation on Salasberry; rather, it merely altered an existing one. Therefore, the amendment is not retrospective as applied to Salasberry, and his conviction is not unconstitutional under the Missouri Constitution.

Point denied.

### Conclusion

The motion court's judgment overruling Salasberry's Rule 24.035 motion is affirmed.

THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges, concur.