STATE of Missouri, Respondent,

v.

Bassam A. SAFFAF, Appellant.

No. SC 84219.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Rehearing Denied Aug. 27, 2002.

Henry B. Robertson, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Asst. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

I.

Bassam Saffaf appeals the denial of his Rule 29.07(d)[1] motion to withdraw his guilty plea. Because Saffaf's imposition of sentence was suspended, there is no final

---

1. Rule 29.07(d): "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

judgment to support appellate jurisdiction and the appeal must be dismissed. Although we construe Saffaf's appeal as a petition for a writ of mandamus to require the circuit court to allow him to withdraw his plea, Saffaf has not established legal error or an abuse of discretion, and he is not entitled to relief.

## II.

Bassam Saffaf was charged by information on April 13, 1999, with the class D felony of criminal nonsupport under section 568.040, RSMo 2000.[2] On June 28, 1999, Saffaf entered a plea of guilty that was accepted by the circuit court as voluntary and informed. On October 18, 1999, Saffaf was given a five year sentence, the imposition of which was suspended.

On September 11, 2000, Saffaf filed a *pro se* motion to withdraw his guilty plea under Rule 29.07(d), arguing that his plea was not voluntary. On October 16, 2000, a hearing was held on the motion. Saffaf was not represented by counsel but did appear with an interpreter. After reviewing the transcript of the guilty plea proceeding, the court denied Saffaf's motion and entered an amended judgment on November 15, 2000. Saffaf filed a notice of appeal on November 27, 2000.

On March 7, 2001, the court of appeals issued an order to show cause as to why Saffaf's appeal should not be dismissed for lack of a final appealable judgment on the ground that Saffaf had received a suspended imposition of sentence. Saffaf responded on March 22, 2001, that he was not appealing from a suspended imposition of sentence, but rather that he was appealing the denial of his motion under Rule 29.07. On March 28, 2001, the court of appeals dismissed the appeal.

On April 18, 2001, the court of appeals reinstated Saffaf's appeal. On October 23, 2001, the court of appeals again dismissed Saffaf's appeal, holding that because a suspended imposition of sentence was not a final judgment, Saffaf could not appeal the denial of his motion.

On January 16, 2002, the court of appeals transferred the case to this Court on its own motion pursuant to Rule 83.02.[3]

## III.

■ The main issue presented in this case is whether Saffaf can appeal the denial of his motion to withdraw his guilty plea under Rule 29.07(d) when he received a suspended imposition of sentence. This issue was discussed at length in our recent decision in *State v. Larson*, 79 S.W.3d 891 (Mo. banc 2002), and we will not reiterate that analysis here. A motion to withdraw a guilty plea under Rule 29.07(d) where the imposition of sentence has been suspended is not an appealable final judgment. *Larson*, 79 S.W.3d at 893.

■ The appropriate remedy for seeking review of the denial of a motion to withdraw a guilty plea when the imposition

2. Section 568.040 provides that:

A person commits the crime of nonsupport if he knowingly fails to provide, without good cause, adequate support for his spouse; a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law.

3. Rule 83.02 provides that:

A case disposed of by an opinion, memorandum decision, written order, or order of dismissal in the court of appeals may be transferred to this Court by order of a majority of the participating judges, regular and special, on their own motion or on application of a party.

of sentence has been suspended is by a writ of mandamus. *Id.* at 894. For the purposes of this case, we shall exercise our discretion and treat Saffaf's appeal as an application for a writ of mandamus. *Id.* at 894.

This Court will issue a writ to correct an abuse of judicial discretion or to prevent the exercise of extra-judicial power. *State ex rel. Martin–Erb v. Mo. Comm'n on Human Rights,* 77 S.W.3d 600, (Mo. banc 2002). Just as the granting of writs is an extraordinary remedy, the withdrawal of a guilty plea is a remedy reserved for extraordinary circumstances, such as a showing of fraud, mistake, misapprehension, fear, persuasion, or the holding out of false hopes. *State v. Taylor,* 929 S.W.2d 209, 215 (Mo. banc 1996).

### IV.

Saffaf contends that the trial court erred in not allowing him to withdraw his plea of guilty because the plea was not voluntary. He contends that his attorney instructed him to answer "yes" to the questions asked at his plea hearing and that he did not understand what was happening.

The record indicates that Saffaf responded both "yes" and "no" to different questions posed by the court during the plea hearing. On a few occasions, Saffaf told the court he did not understand and, after the question was rephrased, Saffaf responded. Saffaf answered several questions that required more than just a "yes" or "no" answer. Saffaf answered questions from the court concerning his age, occupation, and educational background. Afterwards, the court specifically asked Saffaf if anything had occurred that he did not understand, to which Saffaf replied there was not.

Based on this evidence, the motion court did not err or abuse its discretion in ruling that Saffaf's guilty plea was voluntarily made. Saffaf's petition for a writ of mandamus is denied.

LIMBAUGH, C.J., WOLFF, BENTON and LAURA DENVIR STITH, JJ., and DAUGHERTY and PARRISH, Sp. JJ., concur.

WHITE and RICHARD B. TEITELMAN, JJ., not participating.