STATE of Missouri, Respondent,

v.

Patrick LARSON, Appellant.

No. SC 84246.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Alan S. Cohen, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Assistant Attorney General, Jefferson City, for Respondent.

## I.

WILLIAM RAY PRICE, JR., Judge.

Patrick Larson appeals the denial of his Rule 29.07(d)[1] motion to withdraw his guilty plea. Because Larson's imposition of sentence was suspended, there is no final judgment to support appellate jurisdiction and the appeal must be dismissed. Although we construe Larson's appeal as a petition for writ of mandamus to require the circuit court to allow him to withdraw his plea, Larson has not established legal error or an abuse of discretion, and he is not entitled to relief.

## II.

In 1997, at the age of twenty-three, Larson was charged with two counts of sexual abuse in the first degree. Section 566.100.[2] The state alleged that Larson committed the acts sometime during January 1989 and December 1990, when he was fourteen to sixteen years old. The juvenile court dismissed the petition and allowed the case to be transferred to the circuit court.

In late 1998, Larson pled guilty. The trial court suspended imposition of sentence, placing Larson on five years probation. On January 19, 2001, Larson filed a Rule 29.07(d) motion to withdraw his plea. The trial court denied the motion without a hearing and without reaching the merits. It found that the motion was untimely and had been waived by virtue of Larson's voluntary plea.

Larson filed a timely notice of appeal. On December 4, 2001, the court of appeals dismissed his appeal. On February 1, 2002, the court of appeals amended its order due to a conflict with *State v. Fensom*, No. WD 59302, 2001 WL 1464025 (Mo.App.2001).[3] On its own motion, the court of appeals transferred this case to this Court. Rule 83.02.

## III.

"There is no right to appeal without statutory authority." *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc

---

1. Rule 29.07(d): "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

2. All statutory references are to RSMo 1994, unless otherwise stated. Section 566.100 reads, in pertinent part: "A person commits

the crime of sexual abuse if he subjects another person to sexual contact by the use of forcible compulsion."

3. The Western District subsequently granted the state's motion for rehearing in *Fensom* and issued a new opinion dismissing the appeal for lack of jurisdiction. *State v. Fensom*, 69 S.W.3d 550 (Mo.App. March 5, 2002).

1994). Appellate jurisdiction exists for civil and criminal cases only after final judgment. Sections 512.020 [4], 547.070 [5]; Rules 81.01, 81.05 (civil) [6]; Rule 30.01(a) (criminal) [7]. In a criminal case, a final judgment occurs only when a sentence is entered. *State v. Lynch*, 679 S.W.2d 858 (Mo. banc 1984). In a civil case, for a judgment to be final for appeal, it must dispose of all issues in a case, leaving nothing for future determination. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

█ A Rule 29.07(d) motion to revoke a guilty plea is a civil proceeding. *Brown v. State*, 66 S.W.3d 721, 724–25 (Mo. banc 2002). However, unlike Rules 29.15 and 24.035, a motion under Rule 29.07(d) is generally not a separate action. With the limited exception of correcting manifest injustice, the motion can only be made while the trial court retains jurisdiction over the criminal case, before sentence is imposed or when sentence is suspended. Rule 29.07(d). Even though the motion is civil, it is part and parcel of the ongoing criminal case and retains the same docket number.

█ A trial court's ruling of a Rule 29.07(d) motion is not a final judgment and fits within no exception to the final judgment rule and thus not appealable under either the civil or criminal definitions. No sentence is entered and there is no final judgment and the trial court retains jurisdiction. *State v. Lynch*, 679 S.W.2d 858 (Mo. banc 1984). The denial of the motion does not dispose of the numerous issues that remain in the criminal proceeding underlying the 29.07(d) motion. Because there is no final judgment, we are without jurisdiction to consider Larson's appeal.

## IV.

█ Normally, a finding of no jurisdiction requires this Court to dismiss Larson's appeal. *Smith v. State*, 63 S.W.3d 218, 219–20 (Mo. banc 2001). However, in limited circumstances, this Court will treat improper appeals as applications for original writs, if writ is available to a movant. *Jones v. State*, 471 S.W.2d 166 (Mo. banc 1971).[8] As we stated in *Brown v. Hamid*,

---

4. Section 512.020: "Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

5. Section 547.070: "In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant, provided, defendant or his attorney of record shall during the term at which the judgment is rendered file his written application for such appeal."

6. Rule 81.05, in relevant part: "For the purpose of ascertaining the time within which an appeal may be taken:
(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."

7. Rule 30.01(a): "After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law."

8. "In the interest of avoiding delay and further duplication of effort which would be in-

856 S.W.2d 51, 53 (Mo. banc 1993) (citations omitted):

> Cases should be heard on the merits if possible, construing the court rules liberally to allow an appeal to proceed. While not condoning noncompliance with the rules, a court will generally, as a matter of discretion, review on the merits where disposition is not hampered by the rule violations. The briefs in this case delineate the issues, citing authority and argument from which the issues can be decided ... In this case, the alleged deficiencies do not prevent review on the merits.

In certain, limited cases, an appellate court will review trial court orders in a pending civil case by way of writ. The two most common are discovery orders, *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002), and motions for change of venue. *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 856–57 (Mo. banc 2001).

A common rationale for issuing a writ in these circumstances is to avoid irreparable harm to a party. *Linthicum*, 57 S.W.3d at 857. Even though the imposition of Larson's sentence has been suspended, he nonetheless is subject to a number of punitive, collateral consequences that might justify his request for a writ to review whether his motion to withdraw his guilty plea was improperly denied. For example, he must register as a sex offender. Section 589.400. He is also required to participate in a program of treatment, education and rehabilitation. Sections 566.140. Additionally, his plea of guilty to a sexual offense must be reported to the National Crime Information Center. Section 43.506.[9]

As in the case of venue and discovery orders, the proper procedure for reviewing the denial of a Rule 29.07(d) motion in a case where the imposition of sentence has been suspended is a writ. This Court will exercise its discretion and treat Larson's improper appeal as an application for a writ of mandamus.

## V.

■ Larson argues that his plea should be set aside because the circuit court lacked subject matter jurisdiction over him because the certification hearing in juvenile court was defective.

---

volved in dismissing this appeal and then having a new proceeding started by the filing of a new application for writ of habeas corpus in this court, we have concluded that we will treat this file and the papers that the movant has filed in this court in connection with his attempted appeal as an original application to this court for a writ of habeas corpus." *Jones* at 169.

9. A suspended imposition of sentence has a number of other collateral consequences. Guilty pleas are used to determine prior, persistent and dangerous offenders. Section 558.016.1, RSMo 2000. Such a plea may be used to impeach a witness in a criminal case. Section 491.050, RSMo 2000. An attorney may be disbarred if she pleads guilty to certain crimes and receives a suspended imposition of sentence. Rule 5.21. A suspended imposition of sentence must be included in a criminal background check for applications for a position involving contact with patients or residents. Section 660.317, RSMo 2000. In a first degree murder case, guilty pleas with suspended imposition of sentence may be included in the record to prior criminal convictions used for aggravating circumstances. Section 565.031.1(3), RSMo 2000. A person may also have to forfeit a public office due to such a plea. Section 561.021.1(2), RSMo 2000. Those who plea guilty to violating alcohol or drug-related driving offenses must forward the records of those court proceedings to the Missouri state highway patrol or director of revenue. Section 577.051, RSMo 2000. Certain permits may be revoked. Section 269.110 (transportation of dead animals).

■ The issuance of a writ is appropriate to correct an abuse of judicial discretion or to prevent exercise of extra-jurisdictional power. *State ex rel. Martin–Erb v. Mo. Commission on Human Rights,* 77 S.W.3d 600 (Mo. banc. 2002). In limited cases, a writ may be used when a trial court erroneously decides an important question of law, and no adequate remedy at law exists. *State ex rel. Cohen v. Riley,* 994 S.W.2d 546, 549 (Mo. banc 1999). Larson does not claim that the trial court abused its discretion, but instead alleges that the trial court erroneously decided an important question of law. However, because Larson cannot prevail on his substantive claim, a writ will not be issued.[10]

The juvenile court has exclusive original jurisdiction in proceedings "[i]nvolving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years." Section 211.031.1(3), RSMo Supp.1998. Because Larson committed his crimes prior to attaining the age of seventeen, the juvenile court had exclusive original jurisdiction over the proceedings.

In certain cases, a juvenile court may "dismiss the petition and such child may be transferred to the court of general jurisdiction and prosecuted under the general law." Section 211.071, RSMo Supp.1998. Larson does not argue that the court failed to follow the procedures set out in 211.071. Instead, he points to section 211.041, RSMo Supp.1998, which states, in relevant part: "[w]hen jurisdiction over the person of a child has been acquired by the juvenile court under the provisions of this chapter in proceedings coming within the applicable provisions of section 211.031, the jurisdiction of the child may be retained for the purpose of this chapter until he has attained the age of twenty-one years."

Larson argues that the juvenile court automatically lost jurisdiction over him when he attained the age of twenty-one. By his reasoning, any person charged after his or her twenty-first birthday for crimes committed while he or she was under the age of seventeen could not be charged by any court. The court of general jurisdiction would not be able to attain jurisdiction without a hearing in front of the juvenile court, and the juvenile court would have no jurisdiction because the person is twenty-one.

The plain language of the statute refutes this hyper-technical interpretation. Section 211.041 merely states that a juvenile court *may* retain jurisdiction until the juvenile is twenty-one. Contrary to Larson's argument, attaining the age of twenty-one does not destroy jurisdiction altogether. Instead, because the individual is over the age of 21 and there can be no reasonable prospect of rehabilitation within the juvenile justice system, it mandates that the juvenile court may no longer retain jurisdiction and must certify the juvenile as an adult to be tried by the court of general jurisdiction.

The certification procedure was proper. Larson's argument to the contrary is without merit. Larson's petition for a writ of mandamus is denied.

---

**10.** We reserve any ruling on the timeliness of Larson's Rule 29.07(d) motion or whether, if timely, the motion might have been denied on account of the doctrine of laches. *Metropolitan St. Louis Sewer District v. Zykan,* 495 S.W.2d 643, 656 (Mo.1973); *Hagely v. Board of Education of Webster Groves,* 841 S.W.2d 663 (Mo. banc 1992); *Port Perry Marketing Corp. v. Jenneman,* 982 S.W.2d 789, 792 (Mo. App.1998).

LIMBAUGH, C.J., WOLFF, BENTON and LAURA DENVIR STITH, JJ., and DAUGHERTY and PARRISH, Sp. JJ., concur.

WHITE and TEITELMAN, JJ., not participating.