

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD80973 |
| | ) | |
| ADRIAN S. DOOLIN, | ) | Opinion filed:  March 19, 2019 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**THE HONORABLE PATRICK K. ROBB, JUDGE**

Before Division Two:  Edward R. Ardini, Jr., Presiding Judge,
Gary D. Witt, Judge and Thomas N. Chapman, Judge

Adrian Doolin appeals the denial of his Rule 29.07(d)[1] motion to withdraw his guilty plea by the Circuit Court of Buchanan County. Doolin claims that his guilty plea to sexual misconduct in the first degree was induced by plea counsel's assurance that he would never be required to register as a sex offender. He argues that this advice was erroneous and resulted in manifest injustice. We affirm.

---

[1] All rule references are to the Missouri Supreme Court Rules (2014).

## Factual and Procedural Background

Doolin was charged with the class C felony of possession of a controlled substance (Xanax) and the class B misdemeanor of sexual misconduct in the first degree.[2] Doolin entered open guilty pleas to both offenses on September 5, 2014.

At the plea hearing, Doolin admitted that while trying on clothes at a Goodwill store, he began disrobing and exposed his genitals to a store employee. Doolin was ejected from the store and went across the street to a shopping mall where he was subsequently arrested. A search of his backpack incident to his arrest revealed Xanax pills, for which Doolin did not have a prescription.

A discussion ensued over whether his plea to sexual misconduct in the first degree would require registration as a sex offender:

[Doolin:] This is not a registerable offense; is that correct?

[The Court:] I do not believe it is. . . . [Assistant Prosecutor], you're probably more of an expert on it than I am.

[Assistant Prosecutor:] It's not.

[The Court:] That's what I thought, but I just— . . . I assume that's what [plea counsel] has advised?

[Doolin:] Yes, sir.

[The Court:] That's my understanding, too.

The court accepted Doolin's guilty pleas. On November 10, 2014, a sentencing hearing was held. At the hearing, Doolin's plea counsel identified to the court two errors in the sentencing assessment report (SAR). First, the SAR incorrectly stated that the sexual misconduct charge to which Doolin pleaded guilty was a class D felony when, in fact, it was a class B misdemeanor. The SAR also

---

[2] Under section 566.093.1(1), RSMo, a person commits the class B misdemeanor of sexual misconduct in the first degree if he "[e]xposes his or her genitals under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm[.]"

stated that Doolin "shall comply with the state sex offender registration laws[.]" Plea counsel

explained to the court that no registration was required, and the court made the change to the SAR:

> [PLEA COUNSEL:] It is our understanding and it's been our understanding through the entire pendency of this case that the Class B misdemeanor that he's charged with is not a registrable offense. Our paralegal researched it. [Doolin's former attorney] researched it. I researched it.
>
> And we all came to the same conclusion that this did not have any sexual acts or anything like that so that he would not have to register on this offense.
>
> THE COURT: Okay. Well, I haven't looked at the statute. I'll just take your word for it and we'll . . . mark it as such.

Doolin then sought clarification that he would not have to register as a sex offender:

> THE DEFENDANT: I just want that to be 100 percent that—you know, if the statute is that; otherwise—I mean, I would hate to be, you know—
>
> [PLEA COUNSEL:] He wanted to be assured before he pled guilty that that was true.
>
> THE COURT: Well, it sounds like your counsel assured you. I don't give legal opinions.
>
> [PLEA COUNSEL:] Right.
>
> THE COURT: I decide legal disputes and issues, but . . . that's not a matter unless I enter an order with regards to something about you registering on the—
>
> [PLEA COUNSEL:] As I told him, Your Honor—
>
> THE DEFENDANT: Oh, so you would have to order that? I apologize.
>
> THE COURT: No, I wouldn't have to order it. If you're required to register under the law, you'll be required to register independent of me doing that.
>
> [PLEA COUNSEL:] Right.
>
> THE COURT: The only time it would require—the statutes do require that I direct you to register if I place you on probation.
>
> But if I sentence you to a jail term or prison term, it's your obligation to register and to know the law. You've gotten legal advice from your counsel that you do not

3

have to register. So if you want to get a second opinion, you can do that. But I don't give legal opinions.

THE DEFENDANT: All right.

THE COURT: Okay? Understand, Mr. Doolin?

[PLEA COUNSEL:] Do you understand?

THE DEFENDANT: Yes.

THE COURT: All right. So I'm not giving you any position one way or the other with regards to it. I have not researched the issue and it's not a matter for me to make a decision in this case.

Following this exchange, Doolin did not seek to withdraw his guilty plea or make any objection to continuing with his sentencing.

The court sentenced Doolin to two years in the Department of Corrections for possession of a controlled substance, to run consecutive to other sentences that Doolin was then serving. The court also sentenced Doolin to six months in the Buchanan County jail for sexual misconduct in the first degree, to run concurrent to the sentence for possession of a controlled substance.[3]

Nearly two years later, on September 20, 2016, Doolin filed a motion pursuant to Rule 29.07(d) to withdraw the guilty plea he entered to the sexual misconduct charge. In the motion, Doolin alleged that his guilty plea "resulted in manifest injustice because it was based on erroneous assurances from his plea attorney and the prosecutor that if he pled guilty to that charge he would not ever be required to register as a sex offender."

---

[3] The written judgment and sentence also ordered Doolin "to register as a sex offender with the chief law enforcement official of the county or city not within a county in which (s)he resides within three (3) days of conviction, release from incarceration, or placement on probation." As later explained, this reference was removed from the judgment by the court.

4

An evidentiary hearing was held at which the court received testimony from Doolin[4] and his plea counsel.

Doolin testified that he specifically asked plea counsel whether registration would be required if he pleaded guilty to sexual misconduct in the first degree and was told that the registration requirements would not apply to him. Doolin further stated that while plea counsel did not explain how changes to the sex offender registration law would apply to individuals who had previously pleaded guilty, he believed plea counsel told him that he would never have to register and he "took that as to be forever." Doolin claimed that, had plea counsel told him that he might have to register as a sex offender in the future, he would not have pleaded guilty and would have gone to trial.

Plea counsel acknowledged that Doolin asked whether he would be required to register if he pleaded guilty to sexual misconduct in the first degree. Plea counsel testified that, in response to the inquiry, research was conducted into the registration requirement for the offense of sexual misconduct in the first degree under the Missouri sex offender registration law and the federal sex offender registration law (SORNA). Plea counsel concluded, with the aid of a colleague and a paralegal, that neither the Missouri sex offender registration law nor SORNA required Doolin to register as a sex offender at the time of the plea. Plea counsel memorialized this conclusion in a letter sent to Doolin prior to the guilty plea.[5] Plea counsel testified that he did not inform Doolin that the sex offender registration law would never change or that Doolin would never have to register if he pleaded guilty. Instead, plea counsel explained to Doolin the state of the law at the

_____

[4] Doolin's testimony was offered by deposition.

[5] The letter plea counsel sent to Doolin stated: "According to the research and the existing statutes and laws, at this time, this office believes that you do not have to register as a sex offender. The statutes that are in effect now state that you have to do a sexual act or contact to register, and exposing yourself is neither."

5

time of the guilty plea, which did not require registration. Plea counsel also indicated that he apprised Doolin that he "had no control over the Missouri state legislature, [and] that [he] had no control over what may happen in the future[.]"[6]

The motion court denied Doolin's motion to withdraw his guilty plea, finding that plea counsel provided Doolin accurate legal advice concerning the registration requirements and there existed no manifest injustice.

Doolin appeals.

**Jurisdiction**

We first address the State's claim that this appeal should be dismissed because this Court lacks appellate jurisdiction over the denial of Doolin's Rule 29.07(d) motion. Rule 29.07(d) states:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The State directs us to *State v. Larson*, 79 S.W.3d 891 (Mo. banc 2002), and its holding that "[a] trial court's ruling of a Rule 29.07(d) motion is not a final judgment and fits within no exception to the final judgment rule and thus [is] not appealable under either civil or criminal definitions." *Larson*, 79 S.W.3d at 893. In *Larson*, however, no final conviction was entered because the trial court had suspended imposition of sentence. Indeed, the *Larson* court underscored this point, noting that the pre-sentencing Rule 29.07(d) motion was "part and parcel of the ongoing criminal case," and that in the underlying criminal case, "[n]o sentence [was] entered and there is no final judgment and the trial court retains jurisdiction." *Id.* The Missouri Supreme Court has

---

[6] In addition, plea counsel expressed his view that the statement in the judgment and sentence ordering Doolin to register as a sex offender was incorrect. The State agreed and the court rectified the error by removing the reference.

subsequently described *Larson's* holding as limited to cases in which no final judgment of conviction has been entered. *See Stanley v. State*, 420 S.W.3d 532, 544 n. 11 (Mo. banc 2014) (describing the *Larson* holding to be that "an appeal of a denial of a request to withdraw a guilty plea is not allowed when the motion came before imposition of sentence because the denial is not a final order when sentence is not yet imposed"); *State v. Saffaf*, 81 S.W.3d 526, 527 (Mo. banc 2002) (citing *Larson* for the proposition that "[a] motion to withdraw a guilty plea under Rule 29.07(d) where the imposition of sentence has been suspended is not an appealable final judgment"). By contrast, imposition of Doolin's sentence was not suspended, rendering it a final judgment of conviction and *Larson* inapplicable.

Rule 29.07(d) permits a defendant to move to withdraw a guilty plea following the imposition of sentence "to correct manifest injustice," and appellate courts have repeatedly exercised jurisdiction over appeals from the denial of such motions. *State v. Wilson*, 527 S.W.3d 908 (Mo. App. E.D. 2017); *Gray v. State*, 498 S.W.3d 522 (Mo. App. W.D. 2016); *McCoy v. State*, 456 S.W.3d 887 (Mo. App. W.D. 2015); *State v. Onate*, 398 S.W.3d 102 (Mo. App. W.D. 2013).[7] The State argues that these decisions should be reexamined in light of *State ex rel. Fite v. Johnson*, 530 S.W.3d 508 (Mo. banc 2017). The State, however, misconstrues the breadth of *Johnson*.[8] The

---

[7] Additional cases that have exercised appellate jurisdiction over post-sentencing 29.07(d) motions to withdraw guilty plea include *Jack v. State*, 354 S.W.3d 659 (Mo. App. S.D. 2011); *State v. Ison*, 270 S.W.3d 444 (Mo. App. W.D. 2008); *Elam v. State*, 210 S.W.3d 216 (Mo. App. W.D. 2006); *State v. Johnson*, 172 S.W.3d 900 (Mo. App. S.D. 2005); *State v. Thomas*, 96 S.W.3d 834 (Mo. App. W.D. 2002); *State v. Fensom*, 69 S.W.3d 550 (Mo. App. W.D. 2002).

[8] The State also cites to *State v. Backues*, 2018 WL 6047973 (Mo. App. W.D. November 20, 2018), a case factually similar to *Johnson* that was re-transferred to this Court by the Supreme Court. In dismissing the appeal in *Backues*, this Court questioned whether appellate courts continue to have jurisdiction over appeals from the denial of post-sentencing Rule 29.07(d) motions following *Johnson*. *See Backues*, 2018 WL 6047973 at *1 n.1. In both *Backues* and *Johnson*, the trial court had granted Rule 29.07(d) relief on claims that were procedurally barred by the movants' failure to timely raise them in a Rule 24.035 motion for post-conviction relief. As a result, writ of prohibition was determined the appropriate mechanism to address the trial court's action. For the reasons explained in this opinion, the present case is procedurally distinguishable from both *Backues* and *Johnson*.

post-sentencing Rule 29.07(d) motion filed in *Johnson* asserted claims governed by Rule 24.035, and "Rule 29.07(d) does not provide an independent basis for reviewing procedurally defaulted claims for post-conviction relief." *Johnson*, 530 S.W.3d at 510 (citation omitted). As a result, the trial court lacked authority to grant relief pursuant to Rule 29.07(d) and prohibition was the appropriate remedy.[9] Unlike the movant in *Johnson*, Doolin pleaded guilty to a misdemeanor for which post-conviction relief under Rule 24.035 is not available. *See Newton v. State*, 359 S.W.3d 54, 56 (Mo. App. W.D. 2011) (finding that Rules 24.035 and 29.15 provide relief only to felonies, even when convictions for both misdemeanors and felonies are included in the same proceeding). Thus, the claim raised by Doolin is not procedurally barred and this appeal is proper.

## Standard of Review

"A defendant does not have an absolute right to withdraw a guilty plea." *McCoy*, 456 S.W.3d at 890. Instead, a request to withdraw a guilty plea should only be granted upon a showing that such relief is necessary to correct manifest injustice. *Id*. "[I]f there is evidence that the defendant was misled or induced to plead guilty because of fraud, mistake, misapprehension, fear, persuasion or holding out of hopes which prove to be false or ill-founded, he should be permitted to withdraw his plea since the law favors a trial on the merits." *State v. Knox*, 553 S.W.3d 386, 393-94 (Mo. App. W.D. 2018) (citations omitted). However, if the defendant's plea "was voluntary and was made with an understanding of the charges against him, there can be no manifest injustice inherent in the plea." *State v. Ralston*, 41 S.W.3d 620, 621-22 (Mo. App. W.D. 2001) (citations

---

[9] "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *Johnson*, 530 S.W.3d at 509 (quoting *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014)).

8

omitted). The movant has the burden of proving manifest injustice by a preponderance of the evidence. *Neal v. State*, 379 S.W.3d 209, 214-15 (Mo. App. W.D. 2012).

"In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous." *State v. Guyer*, 353 S.W.3d 458, 460 (Mo. App. W.D. 2011) (quoting *State v. Thomas*, 96 S.W.3d 834, 837 (Mo. App. W.D. 2002)). "It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred." *Id.* (quoting *Thomas*, 96 S.W.3d at 837).

**Discussion**

Doolin alleges that his guilty plea to sexual misconduct in the first degree resulted in manifest injustice, arguing that his plea was induced by his counsel misinforming him that he would never have to register as a sex offender.

"[B]oth the trial court and a defendant's plea counsel have a duty to inform such defendant of the direct consequences of pleading guilty, but neither has a duty to advise such defendant of a guilty plea's collateral consequences." *Knox*, 553 S.W.3d at 397 (quoting *Johnson v. State*, 318 S.W.3d 313, 317 (Mo. App. E.D. 2010)).[10] The requirement to register as a sex offender is considered a collateral consequence of a guilty plea. *See McCoy*, 456 S.W.3d at 893. "However, the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the representation in deciding to plead guilty." *Wray v. State*, 474 S.W.3d 230, 238 (Mo.

---

[10] "The direct consequences of a plea are set forth in Rule 24.02(b) and include 'the nature of the charges, the maximum possible and mandatory minimum penalties, the right to be represented by an attorney, the right not to plead guilty, and the defendant's waiver of all trial rights if he pleads guilty.'" *Knox*, 553 S.W.3d at 397 (quoting *State v. Rasheed*, 340 S.W.3d 280, 284 (Mo. App. E.D. 2011)). "[D]irect consequences are ones that 'definitely, immediately, and largely automatically' follow the entry of a plea of guilty" *Id.* (citations omitted).

9

App. W.D. 2015) (quoting *Miller v. State*, 260 S.W.3d 393, 394 (Mo. App. W.D. 2008)). "In cases where counsel affirmatively misinforms a client about *any* consequence of pleading guilty, direct or collateral, and thereby causes such client to possess a mistaken belief regarding his sentence, the critical test is whether a reasonable basis exists in the record for such a mistaken belief." *Id.* (quoting *McCoy*, 456 S.W.3d at 895-96). A mistaken belief about a consequence of pleading guilty may render the defendant's plea involuntary, but only if "(1) the mistake is reasonable and (2) the mistake is based upon a positive representation upon which the defendant was entitled to rely." *Id.* (quoting *McCoy*, 456 S.W.3d at 896).

Doolin claims that plea counsel advised him that he would never have to register as a sex offender if he pleaded guilty to sexual misconduct in the first degree, that he relied upon this information in making the decision to plead guilty to the offense, and that this advice was erroneous. However, Doolin failed to establish the foundational predicate to his claim—that his plea counsel advised that he would never have to register as a sex offender if he pleaded guilty to sexual misconduct in the first degree. Plea counsel testified that he made no assurances to Doolin that he would never have to register as a sex offender and had instead explained "that [plea counsel] had no control over what may happen in the future[.]" Plea counsel's testimony that no promises were made regarding future registration requirements is consistent with the letter he sent Doolin prior to the plea hearing stating that according to "the existing statutes and laws, at this time" the offense of sexual misconduct in the first degree did not require registration. The only evidence offered to rebut plea counsel's testimony came from Doolin, and "[t]he motion court [was] free to believe or disbelieve any portion of the testimony[.]" *Johnson v. State*, 529 S.W.3d 36, 41 (Mo. App. W.D. 2017) (citation omitted).

10

In addition, the information provided by plea counsel, as reflected in the colloquies during the plea and sentencing hearings and in the previously referenced letter to Doolin, was correct. At the time of Doolin's guilty plea, a person was required to register as sex offender under Missouri law if he "has been or is hereafter convicted of . . . committing . . . a felony offense of chapter 566 . . . or any offense of chapter 566 where the victim is a minor[.]" § 589.400.1(1), RSMo.[11] The statute also required registration for "[a]ny person who . . . has been or is required to register under tribal, federal, or military law." § 589.400.1(8), RSMo. Under the federal SORNA, a person must register as a sex offender if he "was convicted of a sex offense." 34 U.S.C.A. § 20911(1).[12] Relevant to this case, "sex offense" is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another[.]" 34 U.S.C.A. § 20911(5)(A)(i). Title 34 does not define "sexual act."

Based on plea counsel's reading of these sections, he determined that Doolin would not be required to register as a result of his guilty plea to sexual misconduct in the first degree because the crime is not a felony, the victim was not a minor, and the offense does not include an element involving a sexual act or sexual contact with another. The State has consistently agreed with this analysis throughout these proceedings as evidenced by its consent to the removal of the registration requirement from the original judgment and sentence and we have not been directed to or independently found any Missouri authority that, in our view, undermines the accuracy of plea counsel's position.

---

[11] All statutory references are to the Missouri Revised Statutes updated through the 2014 supplement.

The Missouri Sex Offender Act has since been amended. *See* §§ 589.400 through 589.425, RSMo (effective August 28, 2018).

[12] SORNA was recodified without substantive change into Title 34 of the U.S. Code effective September 1, 2017. Prior to September 1, 2017, SORNA was codified in 42 U.S.C.A. §§ 16911 *et seq.*

Doolin nevertheless argues that the absence of conclusive precedent rendered the law unsettled and plea counsel's assertion erroneous.[13] But Doolin's speculative musings do not alter the accuracy of the information provided by plea counsel. Doolin was informed that entering a plea of guilty to sexual misconduct in the first degree would not require him to register as a sex offender under the laws in effect at the time of his plea and that plea counsel "had no control over the Missouri state legislature, [and] that [he] had no control over what may happen in the future[.]" That information was accurate and fairly apprised Doolin of the consequences of pleading guilty. Therefore, the motion court did not abuse its discretion or clearly err in denying Doolin's motion to withdraw his guilty plea.

Point denied.

### Conclusion

The denial of Doolin's motion to withdraw guilty plea pursuant to Rule 29.07(d) is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[13] Doolin bases this concern on *United States v. Jackson*, 2010 WL 3325611 (N.D.Cal. 2010), an unreported case from the United States District Court for the Northern District of California, which held that registration for indecent exposure is required under SORNA. This case, however, is not precedential in Missouri or anywhere else.

Further, other courts have declined to find that indecent exposure, without a minor victim, qualifies as a "sex offense" under SORNA. For example, in *United States v. Morciglio*, the District Court for the Southern District of New York stated that under SORNA, "a 'sexual act' involves contact with or penetration of the penis, vulva, anus, or genital opening, . . . and 'sexual contact' is the 'intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with any intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.'" 280 F.Supp.3d 412, 414-15 (S.D.N.Y. 2017) (quoting 18 U.S.C. §§ 2246(2) and 2246(3)). Under this reading of SORNA and related statutory provisions, misdemeanor sexual misconduct for exposing one's genitals to an adult would not require registration. *See also United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016) (stating that the government "presumably concedes" that a conviction for indecent exposure, without a minor victim, would not be a "sex offense" under SORNA).