

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,

    Respondent,

v.

BRYAN C. KEATHLEY,

    Appellant.

No. SD38615

Filed: October 1, 2025

---

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison Jr., Judge

**<u>AFFIRMED</u>**

Bryan C. Keathley ("Defendant") appeals the circuit court's judgment dismissing, on the ground of *res judicata*, his second Rule 29.07(d)[1] motion to set aside his February 25, 2015, judgment of conviction on five offenses and to permit him to withdraw his

---

[1] Rule 29.07(d) provides, in relevant part, "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." All rule references are to Missouri Court Rules (2025), unless otherwise noted.

pleas on each. Defendant contends in his first point on appeal the circuit court committed clear error and abused its discretion in applying *res judicata* in two respects: "his first motion had been dismissed without prejudice and there is no bar to successive petitions under Rule 29.07(d)." Finding no merit in either respect, we deny the point. Defendant's second point challenges the circuit court's credibility determinations, factual findings and conclusions of law in its judgment on the merits denying Defendant's first Rule 29.07(d) motion, which he did not timely appeal. Because that judgment is not the subject of this appeal, we deny the point. Accordingly, the circuit court's judgment dismissing Defendant's second Rule 29.07(d) motion is affirmed.

## Factual Background

In accordance with the terms of an Alford Plea[2] agreement with the State, the circuit court entered a judgment of conviction against Defendant on four felonies and one misdemeanor on February 25, 2015, having sentenced Defendant to concurrent sentences, the longest of which was five years in the Department of Corrections ("DOC"), but suspended the execution of those sentences and placed Defendant on probation for a five-

---

[2] "Pursuant to an Alford guilty plea, the defendant does not admit the acts of the crime but admits that in light of the State's evidence against him, he is likely to be found guilty beyond a reasonable doubt at trial. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)." **Hackman v. State**, 492 S.W.3d 669, 671 n.1 (Mo. App. E.D. 2016). An Alford plea is treated no differently than a guilty plea where the defendant admits the commission of the crime charged. **Michaels v. State**, 346 S.W.3d 404, 408 (Mo. App. S.D. 2011).

year term. Defendant completed that term of probation in February of 2020, without having ever been delivered to DOC.[3]

Over a year later, Defendant filed a Rule 29.07(d) motion in the circuit court on April 20, 2021 (as amended on May 19, 2021, hereinafter referred to as the "first Rule 29.07(d) motion"). In his first Rule 29.07(d) motion, Defendant prayed for the circuit court "upon hearing, to enter its order setting aside the judgment of conviction and sentences in this case … and permitting [Defendant] to withdraw his plea of guilty to these charges." Among other reasons for granting the motion, Defendant alleged that his "Guilty Plea Resulted in a Manifest Injustice Because of Plea Counsel's Conflict of Interest."[4] Defendant alleged that his plea counsel had an actual conflict of interest in two respects: plea counsel "contacted the court and informed it that Defendant had been making threats against it" and

> at the same time [plea counsel] was representing [Defendant] in this case, [plea counsel] was negotiating a settlement in [Defendant's] divorce proceedings, and was making [Defendant's] guilty plea part of the package to settle it.

Following an evidentiary hearing, the circuit court entered its judgment on the first Rule 29.07(d) motion on October 31, 2022, finding and concluding, among other things, that Defendant failed to prove by a preponderance of the evidence that plea counsel had an actual conflict of interest. The judgment stated, "the [c]ourt overrules Defendant's Amended Motion to Set Aside Plea and Vacate Judgment under Rule 29.07(d) following

---

[3] Defendant contends, and the State does not dispute, that in the absence of a remand to DOC, Rule 24.035 post-conviction relief was unavailable to him.

[4] Defendant's counsel in this appeal was not Defendant's plea counsel.

3

an evidentiary hearing and Defendant's claims are DENIED." Defendant did not appeal this judgment.

Ten months later, on September 1, 2023, Defendant filed a second Rule 29.07(d) motion (hereinafter referred to as the "second Rule 29.07(d) motion"). As his sole reason for granting this motion, Defendant alleged that plea counsel had an actual conflict of interest because plea counsel had "contacted law enforcement and informed it that [Defendant] had been making threats against the judge." The State filed a motion to dismiss the second Rule 29.07(d) motion because the claim raised by Defendant was barred by *res judicata* as a result of the circuit court's judgment denying the first Rule 29.07(d) motion. After both parties filed suggestions, the circuit court on August 1, 2024, entered its judgment on the second Rule 29.07(d) motion sustaining the State's motion to dismiss based upon *res judicata* and dismissing the second Rule 29.07(d) motion.

Defendant timely appeals the circuit court judgment dismissing his second Rule 29.07(d) motion asserting two points on appeal. In his first point, Defendant claims the circuit court committed clear error and abused its discretion in applying *res judicata* because "his first motion had been dismissed without prejudice and there is no bar to successive petitions under Rule 29.07(d)." In his second point, Defendant challenges the circuit court's credibility determinations, factual findings and legal conclusions in its judgment on the merits denying his first Rule 29.07(d) motion.

## Standard of Review

"Although a Rule 29.07 motion is filed in the criminal case, it is a civil collateral attack on a criminal conviction just as are Rule 24.035 and Rule 29.15 motions." *State v. Ison*, 270 S.W.3d 444, 445 (Mo. App. W.D. 2008).

> "In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous." *State v. Guyer*, 353 S.W.3d 458, 460 (Mo. App. W.D. 2011) (quoting *State v. Thomas*, 96 S.W.3d 834, 837 (Mo. App. W.D. 2002)). "It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred." *Id.* (quoting *Thomas*, 96 S.W.3d at 837).

*State v. Doolin*, 572 S.W.3d 112, 119 (Mo. App. W.D. 2019).

## Discussion

In his argument under his first point, reversing his two contentions as stated in that point, Defendant first contends that *res judicata* has no application in a Rule 29.07(d) proceeding "because Rule 29.07(d) does not bar second or successive petitions." Contrasting Rule 29.07(d) to the Rule 24.035(l) explicit prohibition of successive Rule 24.035 motions, Defendant argues that the "clear language" of Rule 29.07(d) does not "bar him from filing a second or successive motion to correct a 'manifest injustice.'" Other than the tangential reference to Rule 24.035 and the Rule 29.07(d) omission of a prohibition against successive motions, Defendant cites no legal authority supporting his argument.

Defendant's first contention has no merit for two reasons. First, Defendant's rule-construction theory that an omission of a prohibition of an action in the rule must be construed as an unrestricted and unconstrained authorization to take that action seems

5

dubious at best. This doubtful view is reinforced by Defendant's lack of citation to any legal authority supporting the existence of his asserted theory. Surely, if this theory had any legal vitality, the case law would be replete with volumes of cases discussing and ruling upon its application in many situations and circumstances where a party is asserting legal authority to take an action. It is beyond the function of this Court to serve as an advocate for Defendant by engaging upon its own research quest for supporting authority. *See **Thummel v. King***, 570 S.W.2d 679, 686 (Mo. banc 1978) ("It is not the function of the appellate court to serve as advocate for any party to an appeal."). Logically, the most that can be gleaned from the omission of a prohibition against successive motions in Rule 29.07(d) is that the rule does not expressly bar them, which is the premise of Defendant's contention. That omission in Rule 29.07(d) standing alone, however, does not logically support the conclusion that successive motions are necessarily authorized by the rule.

Second and in any event, even assuming without deciding that Rule 29.07(d) authorizes successive motions, Defendant proffers no explanation or legal analysis as to why or how that proposition logically or legally prevents the otherwise appropriate application of *res judicata* as in any other civil case.[5] Without citation to any supporting legal authority or any expressed or supporting argument whatsoever, Defendant merely

---

[5] To be clear, Defendant did not challenge in the circuit court and does not challenge on appeal whether the facts of the case fail to satisfy any of the particular elements required for invoking either the doctrine of *res judicata* or the doctrine of collateral estoppel. Rather, Defendant challenges the applicability of those doctrines in any Rule 29.07(d) proceeding because Rule 29.07(d) "allows for second or successive petitions."

6

implicitly assumes, in a somewhat circular fashion, that *res judicata* does not apply because "Rule 29.07(d) does not bar second or successive petitions."[6] Once again, we cannot act as an advocate for Defendant to craft an argument for him in order to bridge this logical gap in his legal analysis. ***Thummel***, 570 S.W.2d 686.

Next, in his argument under his first point, Defendant contends "that *res judicata* does not apply to his [second Rule 29.07(d)] motion" because the circuit court judgment on his first Rule 29.07(d) motion was a "dismissal without prejudice." Defendant reasons that because the circuit court did not designate its "dismissal" of his first Rule 29.07(d) motion as being with prejudice, then pursuant to Rule 67.03 it was an involuntary "dismissal" without prejudice, which under Rule 67.01, allows him to "bring another civil action for the same cause."[7]

---

[6] In its broadest sense, "[s]ometimes the term '*res judicata'* is used as the label for claim preclusion or issue preclusion." ***Sexton v. Jenkins & Assocs. Inc.***, 152 S.W.3d 270, 273 n.3 (Mo. banc 2004). Any cogent argument that the doctrine of *res judicata* was inapplicable in a Rule 29.07(d) proceeding, therefore, must necessarily account for the inapplicability of both types of preclusion. *See **Gray v. State***, 498 S.W.3d 522, 530 (Mo. App. W.D. 2016) (Issue preclusion applied to foreclose claim of manifest injustice in second Rule 29.07(d) motion where trial court found no manifest injustice existed in first Rule 29.07(d) proceeding).

[7] Rule 67.03 provides,
> A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify.

This contention has no merit because the premise—the judgment overruling and denying the first Rule 20.07(d) motion is a "dismissal" of the motion—is not valid. That judgment was and remains an adjudication on the merits of Defendant's first Rule 29.07(d) motion after an evidentiary hearing. In its judgment, the circuit court made credibility determinations on the evidence presented in that hearing, entered explicit detailed findings of fact, determined that "[p]lea counsel did not have an actual conflict of interest" and held that "Defendant did not prove this claim by a preponderance of the evidence. As such, this claim is denied." Based upon these holdings, and similar holdings on the other claims in Defendant's first Rule 29.07(d) motion, the circuit court entered judgment stating "the [c]ourt overrules Defendant's [first] Motion to Set Aside Plea and Vacate Judgement [sic] under Rule 29.07(d) following an evidentiary hearing and Defendant's claims are DENIED." Nowhere in this eight-page judgment do the words "dismiss" or "dismissal" appear.

Nevertheless, under this contention, Defendant labels and refers to the circuit court's judgment on his first Rule 29.07(d) motion as a "dismissal."[8] He proffers no argument, explanation, or citation to supporting legal authority, however, as to how or why the circuit court's judgment was a "dismissal" of his first Rule 29.07(d) motion rather than an adjudication upon its merits. Defendant also omits any argument,

Rule 67.01 provides, "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party."

[8] Interestingly, elsewhere in his brief, Defendant refers to the circuit court's judgment as a "denial" of his first Rule 29.07(d) motion.

explanation, or citation to supporting legal authority as to how or why the words "overruled" and "denied," as actually used by the circuit court in its judgment, may or should be construed as a "dismissal" of the motion under Rule 67.03 rather than an adjudication upon its merits. Once again, we cannot serve as an advocate for Defendant by crafting arguments or searching for supporting legal authority on his behalf. *See Thummel*, 570 S.W.2d at 686. In the absence of any legally-supported cogent argument that the circuit court's judgment overruling and denying Defendant's first Rule 29.07(d) motion was and is anything other than an adjudication on the merits of that motion, Rules 67.03 and 67.01, directed toward dismissals, are not applicable.

Finding no merit in either of Defendant's contentions under his first point challenging the circuit court's judgment dismissing his second Rule 29.07(d) motion on the basis of *res judicata*, the point is denied.

Although Defendant's second point is not a model of clarity as to the identity of the circuit court ruling or action being challenged, as required by Rule 84.04(d)(1)(A), his argument under the point is directed solely toward credibility determinations, findings of fact and conclusions of law made by the circuit court in its judgement denying his first Rule 29.07(d) motion. Nothing in Defendant's argument under his second point is directed toward any alleged circuit court error arising from its judgment dismissing his second Rule 29.07(d) motion based upon *res judicata*. The latter judgment is the subject of this appeal, but the former judgment is not. For that reason, Defendant's second point raises nothing for consideration in this appeal and is denied.

## Conclusion

Because we have denied all allegations of error briefed by Defendant directed toward the circuit court's judgment dismissing his second Rule 29.07(d) motion and "allegations of error not briefed … shall not be considered in any civil appeal," Rule 84.13(a), we find no clear error or abuse of discretion in the circuit court's judgment dismissing Defendant's second Rule 29.07(d) motion. The circuit court's judgment dismissing Defendant's second Rule 29.07(d) motion, therefore, is affirmed.

GARY W. LYNCH, Senior Judge. – OPINION AUTHOR

DON E. BURRELL, Judge – CONCURS

JACK A. L. GOODMAN, Judge – CONCURS